UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GIACOMO FRASCONE,                         MEMORANDUM DECISION
                                           AND ORDER
                Petitioner,                01 CV 5924 (GBD)

        -against-

GEORGE DUNCAN, Superintendent,
Great Meadow Correctional Facility,

                Respondent.
------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

   Petitioner filed a writ of habeas corpus challenging his conviction, upon a jury trial, in Supreme Court, Bronx County, rendered on November 26, 1996, for robbery in the second degree. Petitioner argues that his trial counsel's concession of petitioner's guilt to the lesser offense of robbery in the third degree violated his Sixth Amendment right to the effective assistance of counsel and his Due Process right to plead not guilty. The matter was referred to Magistrate Judge Henry Pitman for a Report and Recommendation ("Report"). The magistrate judge concluded that, to the extent petitioner is claiming that his trial counsel deprived him of the right to plead not guilty, petitioner's claim is exhausted but procedurally barred. The magistrate judge further found that, to the extent that petitioner is claiming that his counsel was ineffective for conceding his guilt to third degree robbery, the petition should be denied. The Report further recommended that a certificate of appealability ("COA") not be issued. Petitioner filed objections to the Report.

   The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). The Court must make "a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C.§ 636(b)(1)(C); see also, Fed.R.Civ.P. 72(b). It is not required that the Court conduct a *de novo* hearing on the matter. United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which the objections were made. See, Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed findings and recommendations. Raddatz, 447 U.S. at 676. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. See, Nelson, 618 F.Supp. at 1190; see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), *aff'd sub nom.* Heisler v. Rockland County, 164 F.3d 618 (2d Cir. 1998).

Petitioner's objections are that: (1) the magistrate judge's relied on the wrong standard for evaluating the effective assistance of counsel claim; (2) "the Magistrate Judge appears to suggest, without specifically concluding, that perhaps [petitioner] did consent to, or have reason to be expecting, counsel's concession," even though the record clearly indicates that counsel was acting contrary to petitioner's wishes; and (3) the magistrate judge erred in recommending that a COA should not be issued is inappropriate given .

The magistrate judge applied the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing that: (1) "counsel's performance was deficient[,]" *i.e.*, it "fell below an objective standard of reasonableness . . . under prevailing professional norms[;]" and (2) "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687,

2

688. Petitioner maintains that the presumptive prejudice standard, enunciated in United States v. Cronic, 466 U.S. 648 (1984), is the appropriate standard to be applied in this case. He argues that not only did his trial attorney fail to subject the prosecution's case, with respect to robbery in the third degree, to meaningful adversarial testing, but he specifically, over petitioner's objection, asked the jury to convict petitioner of that charge. Petitioner contends that such circumstances plainly warrant a *per se* finding of prejudice under Cronic. This Court disagrees.

The Cronic Court found that the *per se* prejudice standard was applicable where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing . . ." Cronic, 466 U.S. at 659. In order to presume prejudice under Cronic, defense counsel's failure to test the prosecution's case requires that counsel's failure be complete. Bell v. Cone, 535 U.S. 685, 696-97 (2002). "[T]he whole point of the Chronic presumption is to presume ineffectiveness *without* inquiring on a case-by-case, error-by-error basis into the wisdom of counsel's actual performance (and any resulting prejudice) under Strickland." Bell v. Quintero, - - S.Ct. - -, 2005 WL 637120, *3 (U.S. Mar. 21, 2005).

In Florida v. Nixon, - - U.S. - -, 125 S.Ct. 551 (2004), the United States Supreme Court held that in a capital case, where counsel must consider both the guilt and penalty phase in determining trial strategy, counsel's failure to obtain his client's express consent to a strategy of conceding guilt did not automatically render counsel's performance deficient. The Supreme Court found that the attorney's concession of guilt did not constitute a "fail[ure] to function in any meaningful sense as the Government's adversary," and hence the standard prescribed in Strickland, not Cronic, applied. Nixon, 125 S.Ct. at 562. The Nixon Court restricted its holding to capital cases given the gravity of the potential sentence and the two-phase trial structure.

3

Nixon, 125 S.Ct. at 562. The Supreme Court observed that a concession of guilt "in a run-of-the-mine trial might present a closer question . . ." Id. The Supreme Court did not, however, hold that a concession of guilt in a non-capital case would necessarily warrant a finding of *per se* prejudice under Cronic, or that defense counsel may not concede his client's guilt, with regard to a lesser included offense, without first obtaining his client's expressed consent.

In the case at bar, the record demonstrates that the concession of guilt as to the lesser included offense, in defense counsel's closing argument, was not done over the expressed and unequivocal objections of petitioner. Petitioner "bears the burden of showing that he in fact objected," and "a petitioner who does not state an objection on the record must show not only that he disagreed with counsel, but that his will was overborne by his counsel." See, Dean v. Superintendent, Clinton Corr. Facility, 93 F.3d 58, 62 (2d Cir. 1996) (internal quotation marks and citation omitted). "Disagreement colored by acquiescence is not sufficient." Id.

Petitioner was informed of his counsel's strategy, "a tactical decision . . . to proceed in a certain manner, robbery in the third degree would be an appropriate lesser included offense." Petitioner had initially voiced an objection to submitting the lesser included offense to the jury. This resulted in a lengthy conversation among petitioner, his attorney, and the trial judge. During their discussions, the trial judge specifically asked petitioner, "[I]t is true that your strategy was to admit theft and the taking by force," to which petitioner directly responded, "It is the truth of my case. It is not just the strategy of my case." After further discussions, the trial judge asked petitioner, "Do you want the robbery three charge?" and petitioner responded, "Yes, I do . . ." Petitioner's remarks convey his approval of defense counsel's strategy, and the record does not demonstrate that petitioner had expressly indicated an objection to counsel's strategy or his

4

intended closing argument. Under such circumstances, there is no basis to find that counsel conceded guilt despite petitioner's continued and unabated objection to counsel doing so. See, Utenyshev v. Portuondo, 2003 WL 21499841, *8 (E.D.N.Y. June 11, 2003). Any belated objection by petitioner, after summation and the jury had been charged, was untimely.

The strategy employed by counsel did not constitute a complete failure to challenge the prosecution's case in a meaningful adversarial manner. Counsel did not concede petitioner's guilt with regard to the charges in the indictment or to the top count thereof. Rather, faced with overwhelming evidence of petitioner's guilt, defense counsel made a rational strategic decision to concede and argue petitioner's guilt of a lesser included crime only, in order to acquit defendant of the more serious charges and expose petitioner to a significantly lower sentencing range than if he were found guilty of robbery in the first or second degree.

In light of the foregoing, Magistrate Judge Pitman properly found that the Strickland standard applied. See, Farrington v. Senkowski, 214 F.3d 237, 244 (2d Cir. 2000) (applying Strickland where defense counsel, in summation, conceded his client's guilt to attempted grand larceny in an effort to persuade the jury to acquit on the more serious charges of attempted robbery and felony murder.); Nunez v. Miller, 2001 WL 1773731, *5-6 (E.D.N.Y. July 12, 2001) (finding Chronic standard inapplicable where defense counsel conceded petitioner's guilt to lesser included offense.). In applying Strickland, the magistrate judge correctly determined that petitioner was not denied effective assistance of counsel.

Under the Strickland standard, "a court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh

5

light of hindsight." Bell, 535 U.S. at 702 (quoting Strickland, 466 U.S. at 689). "Actions or omissions by counsel that 'might be considered sound trial strategy' do not constitute ineffective assistance of counsel." Henry v. Poole, - - F.3d - - , 2005 WL 1220468, *12 (2d Cir. May 24, 2005) (quoting Strickland, 466 U.S. at 689). "[A] strategic decision is a 'conscious, reasonably informed decision made by an attorney with an eye to benefitting his client.'" Cox v. Donnelly, 387 F.3d 193, 198 (2d Cir. 2004) (quoting Pavel v. Hollins, 261 F.3d 210, 218 (2d Cir. 2001)). Petitioner has the burden to overcome the presumption that, given the particular circumstances, the challenged acts of defense counsel might be deemed sound trial strategy. Dean, 93 F.3d at 60-61 (quoting Strickland, 466 U.S. at 689). Although the right to effective assistance of counsel extends to summations, "counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003). "Judicial review of a defense attorney's summation is [ ] highly deferential- and doubly deferential when it is conducted through the lens of federal habeas." Id. at 6.

Despite petitioner's complaint about the trial strategy utilized by his attorney, he fails to proffer any alternative strategy which would lead one to conclude that counsel's chosen strategy was not objectively reasonable under the circumstances or that the employed strategy caused prejudice to the defense. Given the overwhelming incriminating evidence against petitioner, counsel's argument that petitioner was not guilty of either robbery in the first or second degree, but was only guilty of robbery in the third degree, constituted sound trial strategy. Moreover, there is no reasonable probability that, absent the concession of guilt to the lesser included

6

offense, the jury would have had a reasonable doubt as to petitioner's guilt of robbery in the second degree, the higher offense of which petitioner was found guilty. Therefore, petitioner cannot demonstrate that he was prejudice as a result of counsel's summation remarks. In light of the exceptional strength of the prosecution's case, there was little hope that petitioner would be acquitted on all charges and, therefore, the concession of guilt did not deprive petitioner of effective assistance of counsel. Farrington, 214 F.3d at 244; Brown v. Rick, 2003 WL 22801397, *5-6 (S.D.N.Y. Nov. 25, 2003); Nunez, 2001 WL 1773731, at *4-5; see also, United States v. Arena, 180 F.3d 380, 397 (2d Cir. 1999); United States v. Arnold, 126 F.3d 82, 89 (2d Cir. 1997), *aff'd sub nom.* Holloway v. United States, 526 U.S. 1 (1999).

Magistrate Judge Pitman's determination that a COA should not be issued was proper. To obtain a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has failed to make the requisite showing necessary for the issuance of a COA.

The Court has also examined the remaining portions of the Report, to which there are no objections, and find that they are not facially erroneous.

Accordingly, the Court hereby adopts the Report and Recommendation. For the reasons stated therein, the writ is denied and the petition is dismissed.

As the petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d

7

235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
      June 10, 2005

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge